# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY RENO MEVES, ) | Case No. 07-cv-0821 LJO NEW (TAG) |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT |
| v. ) | WITH LEAVE TO AMEND (Doc. 1) |
| THE CALIFORNIA RAND ) | ORDER DENYING LEAVE TO |
| SILVER MINNING CO., et al., ) | PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE |
| Defendants. ) | (Doc. 2) |

Plaintiff Rocky Reno Meves ("Plaintiff") is incarcerated and seeks leave to proceed in forma pauperis ("IFP") in his pro se civil rights and personal injury complaint. (Docs. 1, 2). Plaintiff's civil rights claim is filed pursuant to 42 U.S.C. § 1983; his personal injury claim is mentioned only on the civil cover sheet, where it is identified as "other." (Doc. 1). This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302.

In his complaint, Plaintiff identifies as defendants the E.P.A. and the B.L.M., which allegedly are employed by the Department of Interior Hazardous Materials at "Ridgecrest/State of Calif," and San Bernardino County, the California Rand Silver Minning Co., Kelly Mine, "Red Mnt. California," et al., (collectively "Defendants"). (Doc. 1, p. 7). Plaintiff's allegation appears to be that he was exposed to arsenic for more than twenty years, but the Defendants recently removed the arsenic and any reports that it had been present. (Id. at 8). Plaintiff seeks "FUTURE MEDICAL DUE TO EXPOSURE OF ARSNIC POSIONING AND EXPENCES OF RELOCATION & TRAINING AND ALL OTHER EXPENCE DUE TO PROOF AND ALL PENALTIES ET AL." (Id.).

Pursuant to 28 U.S.C. § 1915A(b), this Court must "screen" a prisoner's complaint to determine whether the case should be dismissed because, among other things, it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28. A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1228. The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n.1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

During the screening process, this Court considers whether the plaintiff has complied with Federal Rule of Civil Procedure 8(a), which requires that:

> A [complaint] shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The plaintiff must allege with at least some degree of particularity specific overt acts which the defendant(s) engaged in that support plaintiff's claim. Id. The Rule 8(a) statement "must simply give the defendant fair notice of what the plaintiff's claim is

2

and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations omitted). Although a plaintiff need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the instant case, Plaintiff does not allege that the Defendants deprived him of any constitutional rights, much less specify which rights they violated and how such deprivation injured him. (Doc. 1). With respect to Plaintiff's contention in the civil cover sheet accompanying his complaint that the ground for his action is personal injury, Plaintiff has not identified any ailment from which he presently is suffering, nor has he specified any grounds for federal jurisdiction given that personal injury lawsuits generally are based on state law. (Id.). Accordingly, Plaintiff has failed to set forth any cause of action enabling this Court to exercise jurisdiction. Fed.R.Civ.P. 8(a)(1). Moreover, Plaintiff's complaint is devoid of any claim or facts that would provide notice to the Defendants as to what actions they engaged in that resulted in any harm that would entitle him to relief under a § 1983 or a personal injury lawsuit. Fed.R.Civ.P. 8(a)(2) and (3). Petitioner has failed to state, in a short and plain manner, the legal claims and facts upon which his complaint rests. Fed.R.Civ.P. 8(a).

Accordingly, the Court finds that, because Plaintiff's complaint fails to state a claim upon which relief may be granted or a ground for federal jurisdiction, Plaintiff's "Motion to Proceed In Forma Pauperis," (Doc. 2) is due to be denied without prejudice. Plaintiff, however, is provided an opportunity to file an amended complaint, in which he can explain how the actions complained of have resulted in a deprivation of his constitutional rights or a federal personal injury lawsuit.

///

Pursuant to Local Rule 15-220, Plaintiff is advised that the amended complaint must be complete in itself without reference to his previous pleadings.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis, (Doc. 2), is DENIED without prejudice;

2. Plaintiff's complaint, (Doc. 1), is DISMISSED, with leave to amend, for failure to allege a basis for federal jurisdiction and failure to state a claim upon which relief may be granted;

3. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action for failure to obey this Court's order. Local Rule 11-110.**

IT IS SO ORDERED.

Dated:   **June 14, 2007**                              /s/ Theresa A. Goldner
                                                      UNITED STATES MAGISTRATE JUDGE