1
2
3
4

**IN THE UNITED STATES DISTRICT COURT**

5

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7

ROCKY RENO MEVES,                                       Case No. 07-cv-0821 LJO NEW (TAG)

            Plaintiff,

8                                                        FINDINGS AND RECOMMENDATIONS
                                                         TO DISMISS AMENDED COMPLAINT
9       v.                                               WITHOUT PREJUDICE
                                                         (Doc. 6)
10   THE CALIFORNIA RAND
     SILVER MINNING CO., et al.,

11
            Defendants.

12   _____/

13          On June 5, 2007, Plaintiff Rocky Reno Meves ("Plaintiff"), a state prisoner proceeding pro se,

14   filed a civil rights complaint, 42 U.S.C. § 1983.  (Doc. 1).  The matter was referred to the Magistrate

15   Judge for screening under 28 U.S.C. § 1915A, pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302.

16   On June 14, 2007, the undersigned found that Plaintiff had failed to specifiy the acts that the defendants

17   committed, or failed to perform, that deprived him of an unspecified constitutional right.  (Doc. 4).  In

18   the June 14, 2007, order, Plaintiff's complaint was dismissed and he was granted thirty days to file an

19   amended complaint.  (Id.).  Plaintiff timely filed an amended complaint on June 29, 2007.  (Doc. 6).

20   After screening the amended complaint, the Magistrate Judge recommends that it be dismissed for the

21   following reasons.

22          In his amended complaint, Plaintiff identifies the defendants as The California Rand Silver

23   Minning Co.; the E.P.A., B.L.M. et al. as agencies employed by the Department of the Interior

24   Hazardous Materials at Ridgecrest/State of California; the U.S.M.S. Patent Office, County of San

25   Bernadino, State of California; and the Kelly Mine Site, Red Mtn California, et al.  ("Defendants").

26   (Doc. 6).  Plaintiff's allegations appear to be that the Defendants violated his Eighth Amendment right

27   against cruel and unusual punishment by exposing him to arsenic, which resulted in his suffering arsenic

28   poisoning.  (Doc. 6, p. 3).  Plaintiff further contends that the Defendants violated his Fourteenth

Amendment guarantees by depriving him of his life, liberty, or property without due process of law. (Id.).  He seeks $1,000,000 in relief.  (Id.).

Pursuant to 28 U.S.C. § 1915A(b), this Court must "screen" a prisoner's complaint to determine whether the case should be dismissed because, among other things, it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b).

A claim is frivolous if it lacks an arguable basis either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28.  A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation.  A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1228.  The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n.1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

During the screening process, this Court considers whether the plaintiff has complied with Federal Rule of Civil Procedure 8(a), which requires that:

> A [complaint] shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at least some degree of particularity

1  specific overt acts which the defendant(s) engaged in that support plaintiff's claim. Id. The Rule 8(a)

2  statement "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds

3  upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations omitted).

4  Although a plaintiff need not outline all elements of a claim, it must be possible to infer from the

5  allegations that all elements exist and there is entitlement to relief under some viable legal theory.

6  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business

7  Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). In reviewing a complaint under this standard, the

8  Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees

9  of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most

10  favorable to the plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts

11  in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12       Plaintiff's amended complaint fails to satisfy the minimum standards to state a claim under

13  42 U.S.C. § 1983. First, he does not differentiate the acts committed or omitted by the various parties

14  that allegedly resulted in his developing arsenic poisoning. (Doc. 6). This deficiency is critical because

15  it violates Fed.R.Civ.P. 8(a); that is, there is no way to determine from Plaintiff's amended complaint

16  who violated his constitutional rights, and what actions each Defendant engaged in, or failed to perform,

17  that would subject them to liability. Swierkiewicz , 534 U.S. at 512; Jones, 733 F.2d at 649; (Doc. 6).

18  In addition, the lack of differentiation calls into questions whether certain parties are subject to suit under

19  § 1983. For example, with respect to private parties, a plaintiff can state a claim under § 1983 if he

20  alleges that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights

21  secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th

22  Cir. 2006). Generally, private parties are not acting under color of state law. Brentwood Academy v.

23  Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001). Moreover, the Eleventh

24  Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Seminole

25  Tribe of Fla. v. Florida, 517 U.S. 44, 53-54 (1996); Brooks v. Sulphur Springs Valley Elec. Co., 951

26  F.2d 1050, 1053 (9th Cir. 1991) (citation omitted). In addition, the Eleventh Amendment bars suits

27  against state agencies as well as those where the state itself is named as a defendant. See Natural

28  ///

3

1 | Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks,

2 | 951 F.2d at 1053.

3 | <center>CONCLUSION AND RECOMMENDATIONS</center>

4 |     Plaintiff's amended complaint has not set forth sufficient allegations to state a claim against

5 | Defendants or to demonstrate that he can state a claim against the private and state parties, or that this

6 | Court has jurisdiction to consider certain claims. Fed.R.Civ.P. 8(a)(1). Moreover, Plaintiff's complaint

7 | is devoid of any claim or facts that would provide notice to Defendants as to what actions they engaged

8 | in, or omitted to perform, that resulted in any harm that would entitle Plaintiff to relief under a § 1983.

9 | Fed.R.Civ.P. 8(a)(2) and (3). Because Plaintiff already has been provided the opportunity to cure the

10 | deficiencies in his initial complaint, without success, the undersigned recommends that

11 |     1. Rocky Reno Meves' Amended Complaint (Doc. 6) be DISMISSED WITHOUT PREJUDICE;

12 | and

13 |     2. The Clerk of this Court be DIRECTED to close this case.

14 |     These Findings and Recommendations are submitted to the United States District Court Judge

15 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

16 | Local Rules of Practice for the United States District Court, Eastern District of California. Within

17 | fifteen (15) days after being served with a copy, any party may file written objections with the court and

18 | serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's

19 | Findings and Recommendations." Responses to the objections shall be served and filed within fifteen

20 | (15) days after service of the objections. The Court will then review the Magistrate Judge's ruling

21 | pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the

22 | specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153

23 | (9th Cir. 1991).

24 |

25 | IT IS SO ORDERED.

26 | Dated:   **August 20, 2007**

27 |                                                 **/s/ Theresa A. Goldner**
                                            UNITED STATES MAGISTRATE JUDGE

28 |